IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| REGINALD LEGRIER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:20-cv-02216-SAG |
| ROBERT TUMA, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Reginald Legrier ("Plaintiff") filed this case asserting that Defendant Robert Tuma ("Defendant") negligently caused a car accident. ECF 2. Discovery is now concluded, and Plaintiff has filed a Motion for Partial Summary Judgment ("the Motion"), ECF 21, arguing that Defendant has failed to produce evidence sufficient to establish contributory negligence as an affirmative defense to be raised at trial. I have reviewed the Motion, and the Opposition filed by Plaintiff, along with the accompanying exhibits, ECF 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Plaintiff's Motion will be denied.

I.   **FACTUAL BACKGROUND**

The specific facts surrounding the car accident are subject to significant dispute. On February 28, 2019, Plaintiff was traveling southbound on I-95. ECF 21 at 2. He claims that, as he approached a toll plaza, he noticed considerable traffic and managed to stop his car before reaching it. *Id.* at 4. While he sat stopped in the traffic, Defendant rear-ended him, propelling Plaintiff's vehicle into the car in front of him and ultimately causing him significant injuries. *Id.* Defendant, on the other hand, suggests that Plaintiff did not successfully stop his car prior to the toll plaza traffic, instead initially striking the car in front of him. ECF 22 at 3-4. Only after Plaintiff

crashed into this first car did Defendant ultimately rear-end Plaintiff. *Id.* That dispute—over whether there was an initial crash caused by Plaintiff's own conduct that constitutes contributory negligence—lies at the core of the dispute in this motion.

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine

issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

A federal court sitting in diversity applies the choice-of-law rules of the state where the lawsuit is filed. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland applies the choice-of-law principle of *lex loci delicti* in tort cases, which uses "the law of the state where the injury occurred." *Fluxo-Cane Overseas Ltd. v E.D. & F. Man Sugar Inc.*, 599 F. Supp. 2d 639, 642 (D. Md. 2009). The state where the injury occurred is determined by assessing where "the last act required to complete the tort occurred." *Philip Morris Inc. v. Angeletti,* 358 Md. 689, 746 (2000). Here, because the alleged wrongful act occurred in Maryland, this Court will apply the substantive law of Maryland to Plaintiff's tort claims.

### III.    ANALYSIS

As an initial matter, there undoubtedly is a dispute of fact as to whether Plaintiff crashed into a different car in the toll plaza before Defendant hit him. Defendant has submitted statements from Theresa Davis, the driver of the vehicle stopped in front of Plaintiff in the toll plaza, that indicate that Plaintiff approached her vehicle at a fast rate and struck her first before being struck by Defendant. ECF 22-2 at 3-4 ("I looked into the rearview and . . . I said, "This guy's gonna hit us. 'Cause I could see his speed. And I'm like, 'Oh my God. This guy is driving really fast.' And it looked like somebody who wasn't focused . . . and before I know it, that was it. He had hit us.");

ECF 22-3 at 6:1-9:9.  Davis also testified that she felt distinct impacts approximately 10 seconds apart.  ECF 22-3 at 8:9-9:9 ("[B]efore I knew it, that's when we were hit a second time . . . [i]t could've been maybe 10 seconds [after the first impact].  It happened so fast.").  Defendant also asserts that two other witnesses—Davis's husband, Anthony, and another driver involved in the accident, Elizabeth Robel—gave statements "that the Plaintiff struck the vehicle in front of him first."  ECF 21 at 7.  This testimony contradicts Plaintiff's assertion that he successfully stopped at the toll plaza before being rear-ended by Defendant and pushed into the Davises' vehicle in front of him.

The question is, however, whether that factual dispute regarding Plaintiff's initial negligent crashing into the Davises' car is sufficient to support an affirmative defense of contributory negligence.  Contributory negligence is defined as a breach of the duty to observe ordinary care for one's own safety, which proximately causes an accident.  *Thomas v. Panco Mgmt. of Maryland, LLC*, 423 Md. 387, 417 (2011) (citations omitted).  To establish a prima facie case of contributory negligence, a defendant bears the burden of showing that the plaintiff's negligence was a proximate cause of the accident.  *Rosenthal v. Mueller*, 124 Md. App. 170, 175 (1998).  Plaintiff's own negligent crashing into the Davises' car in the toll plaza would not bar his right to recover from Defendant unless it was a "direct and proximate cause of the accident."  *Id.* (quoting *Friedman v. Hendler Creamery Co.*, 158 Md. 131 (1930)).

To this end, Defendant has provided no other evidence in support of his assertion that Plaintiff's negligence contributed to their accident, beyond the testimony mentioned above.  *See* ECF 21 at 7 (Defendant's interrogatory responses).  Even so, "[i]t is well settled that when legally sufficient evidence of a party's negligence exists, proximate causation is typically a question to be determined by a jury."  *Bailey v. Berman*, 2017 WL 4422975, at *2 (Md. Ct. Spec. App. Oct. 5,

2017) (collecting cases). "Maryland has gone almost as far as any jurisdiction that we know of in holding that [even] meager evidence of negligence is sufficient to carry the case to the jury." *Fowler v. Smith*, 240 Md. 240, 246 (1965). Here, Defendant's proffered witness testimony describing Plaintiff's initial crash constitutes such "legally sufficient evidence" of Plaintiff's own negligence, far exceeding the "meager" evidence contemplated by *Fowler*. It would be well within a reasonable fact finder's right to conclude based on the Davises' testimony that Plaintiff acted negligently when he failed to stop in advance of the toll plaza traffic and instead rear-ended their car. Per *Bailey*, then, the question of contributory negligence, and the determination of proximate causation specifically, should go to the jury on that basis alone.

Plaintiff attempts to argue otherwise by relying on the notion of "passive negligence" outlined in the recent case of *Blake v. Chadwick*, 249 Md. App. 696, 708 (2021). The *Blake* court stated that "[t]o qualify as contributory negligence, it is not enough for negligence to exist. It must actively contribute." *Id.* at 704. *Blake*, however, presented a different procedural posture than the case at hand, which is substantively relevant to the Court's analysis. In *Blake*, the Maryland Court of Special Appeals overturned the lower court's granting of summary judgment for the defendants—the trial court had determined that plaintiff was contributorily negligent as a matter of law despite a lack of evidence showing that plaintiff's negligence had actually contributed to the accident in question. *Id.* at 700. *Blake*, then, stands for the uncontroversial proposition that at least some evidence of causation is necessary to conclusively *prove* contributory negligence. Here, however, we face a distinct inquiry: how much evidence is needed to merely send the question of contributory negligence to the jury? *Blake* provides little direct guidance on that front and, as already noted, other Maryland case law suggests that "when legally sufficient evidence of a party's

negligence exists, proximate causation is typically a question to be determined by a jury." *Bailey*, 2017 WL 4422975, at *2.

Even if one reads *Blake* to suggest that evidence of the plaintiff's negligence, alone, is not enough for a contributory negligence defense to survive summary judgment—and that additional evidence of causation is required before sending the contributory negligence affirmative defense to the jury—there is enough in Defendant's proffered witness testimony to support a finding of causation, too. Viewing the Davises' testimony in the light most favorable to Defendant, as required at this stage of the proceedings, it could reasonably support the conclusion that Defendant hit Plaintiff at least in part because of Plaintiff's own negligent driving, specifically because Plaintiff's crash into the Davises' car left Defendant with little time to react to the sudden change in traffic flow caused by that initial accident.[1] This reasonable interpretation of the evidence, in which Plaintiff's role is that of an active instigator in a multi-car pileup, cuts a sharp contrast with *Blake*, where the plaintiff's negligence—driving a disabled car, resulting in the car stalling out in rush hour traffic—served merely to passively put herself in harm's way. On this record, then, there is enough for a reasonable trier of fact to find causation. Thus, summary judgment is not warranted.

---

[1] Plaintiff's counsel provides a series of shorthand calculations for possible speed and distance combinations that he suggests shows Defendant would have had enough time to stop before hitting Plaintiff's car, regardless of whether Plaintiff had first rear-ended the Davises' car. ECF 21 at 10. Setting aside the fact that these calculations, compiled by a lawyer rather than an expert, are exceedingly rough datapoints, this is precisely the sort of question that is best left to the jury to determine. This is particularly true given Maryland courts' stated preference for juries determining the question of causation, outlined at length above. The same goes for Plaintiff's cursory assertion that there is no evidence linking his injuries to the initial crash he allegedly caused. *Id.* at 11.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment, ECF 21, will be DENIED. A separate Order follows.


Dated: May 14, 2021                                  /s/
                                             Stephanie A. Gallagher
                                             United States District Judge